IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR237** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **TENTATIVE FINDINGS** |
| **THERESA LOYE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. Both parties have adopted the PSR (Filing Nos. 90, 91). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these tentative findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

Although there are no objections, the Court addresses the issue of restitution. The Defendant pleaded guilty to Count II of the Indictment charging her with possession of pseudoephedrine with the intent to manufacture methamphetamine. The law provides for an order of restitution "involving the manufacture of methamphetamine," defined as an offense including the manufacture of methamphetamine as a "necessary circumstance, condition, or consequence." *United States v. Gramling,* 417 F.3d 891, 895 (8th Cir. 2005). 21 U.S.C. § 853(q)(2). A conviction under 21 U.S.C. § 841(c)(1) includes the intent to manufacture a "controlled substance" as an element of the offense.

However, Federal Rule of Criminal Procedure 11 provides that, at a change of plea hearing, a defendant must be informed of and indicate an understanding of the court's authority to order restitution. Restitution was not addressed in Loye's plea agreement or

at her change of plea hearing.  (Filing Nos. 69, 75.)  Restitution was not included in the advice of possible penalties.  (Filing No. 75, at 10.)

Therefore, the Court concludes that it lacks the legal authority to order restitution.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that, under the particular circumstances of this case, the restitution addressed in ¶¶ 88-90 of the PSR has been waived by the government;

2. Otherwise, my tentative findings are that the PSR is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 24th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge